UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREATLAND INVESTMENT, INC. <br> d/b/a SOUTHWEST PLAZA <br> <br> V. <br> <br> MT. HAWLEY INSURANCE COMPANY <br> And KEVIN WILSON MAYFIELD | § <br> § <br> § <br> § <br> § <br> § <br> § | Case No. 4:19-cv-01212 |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Mt. Hawley Insurance Company ("Mt. Hawley") files this Notice of Removal of this action from the 133rd Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, the district and division in which the 133rd Judicial District is located. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, Mt. Hawley respectfully shows this Court as follows:

1. Plaintiff Greatland Investment, Inc., d/b/a Southwest Plaza ("Plaintiff") commenced an action against Defendants in the 133rd Judicial District of Harris County, Texas, entitled *Greatland Investment, Inc. d/b/a Southwest Plaza v. Mt. Hawley Insurance Company*, pending as Case No. 2019-16063 (the "State Court Case").

2. On March 18, 2019, Mt. Hawley was served with Plaintiff's Original Petition ("Petition") in the State Court Case via certified mail. *See* **Exhibit B-1**. As such, removal is timely because thirty (30) days have not elapsed since Mt. Hawley first received the Petition, as required by 28 U.S.C. § 1446(b).

3. A copy of this Notice of Removal will be filed with the State of Texas District Court in Harris County, and a copy of this Notice of Removal will also be served on Plaintiff.

Mt. Hawley is, contemporaneously with the filing of this Notice, giving written notice of filing of this Notice of Removal with the clerk of the 133rd District Court of Harris County, Texas.

4.  Copies of all processes, pleadings, orders signed by the state judge, a copy of the state docket sheet, a complete list of all counsel of record, together with an index of such documents are attached hereto as **Exhibits A - D**.

5.  Plaintiff has requested trial by jury in the State Court Case.

6.  Mt. Hawley has filed contemporaneously with this Notice a civil cover sheet.

## Ground for Removal:  Diversity

7.  This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332, in that this is a civil action where the matter in controversy exceeds $75,000, and is between citizens of different States.  As discussed below, (1) the amount in controversy exceeds the federal minimum jurisdictional amount; (2) there is complete diversity between Plaintiff and Mt. Hawley; and (3) the only other party, Kevin Wilson Mayfield, was improperly joined.

### A. The amount in controversy exceeds the federal minimum jurisdictional requirements.

8.  Plaintiff's Petition in the State Court Case contends that its property, which was insured under a policy of property insurance issued by Mt. Hawley Policy No. MCP0166542 (the "Policy") was damaged during Hurricane Harvey.  *See* **Exhibit B-1** at 3.  Plaintiff's Petition further alleges that Mt. Hawley breached the Policy by denying Plaintiff's claim.  *See id*. at 8-9.  Plaintiff also alleges causes of action for breach of the duty of good faith and fair dealing, as well as causes of action under the Texas Insurance Code and the DTPA.  *See id.* at 9-12.  Plaintiff also asserts causes of action against Kevin Wilson Mayfield, who has been improperly joined in this suit and against whom Plaintiff has no viable cause of action.  Plaintiff's Petition alleges actual

damages to its property in the amount of $488,323.87 and seeks to recover in excess of $1,000,000. *See id*. at 15-17.

9. For all of these reasons, the amount in dispute exceeds $75,000, exclusive of interest and costs.

### B. There is complete diversity between Plaintiff and Mt. Hawley.

10. Plaintiff was at the time of the filing of this action, has been at all times since, and still is a corporation organized under the laws of the State of Texas, with its principal place of business at 6588 Corporate Dr., Ste. 208, Houston, Texas 77036-3678. As such, Plaintiff is a citizen of the State of Texas for purposes of determining diversity jurisdiction.

11. Defendant Mt. Hawley is a corporation organized under the laws of Illinois, with its principal place of business in Illinois. Accordingly, Mt. Hawley is a citizen of the State of Illinois for purposes of determining diversity jurisdiction.

12. Complete diversity exists in this case and removal is proper because Plaintiff is a citizen of Texas and Mt. Hawley is a citizen of Illinois.

### C. Defendant Kevin Wilson Mayfield is improperly joined.

13. Pursuant to 28 U.S.C. § 1441(b)(2), an action removed solely on diversity may not be removed if any of the properly joined and served defendants is a citizen of the state in which the action is brought. However, the citizenship of an improperly-joined defendant is disregarded for the purpose of diversity jurisdiction. *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018) (citing *Galveston Bay Biodiesel, L.P. v. Ace Am. Ins. Co.*, 719 F.Supp.2d 736, 739 (S.D. Tex. 2010)). Improper joinder is established by showing actual fraud in pleading jurisdictional facts or the plaintiff's inability to establish a cause of action against the non-diverse defendant. *Allen*, 907 F.3d at 183; *see also Yan Qing Jiang v. Travelers Home and*

*Marine Ins. Co.*, No. 1:18-CV-758-RP, 2018 WL 6201954, *1 (W.D. Tex. November 28, 2018) (slip opinion). "In assessing whether a plaintiff is able to establish a cause of action against the non-diverse party in state court, the test for improper joinder is 'whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant[.]'" *Allen*, 907 F.3d at 183 (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)); *see also Yan Qing Jiang*, 2018 WL 6201954 at *1.

14. Defendant Kevin Wilson Mayfield ("Mayfield") was and is an employee of Engle Martin & Associates ("Engle Martin"). Engle Martin and its employee, Mayfield, were hired by Mt. Hawley to assist in the investigation and adjusting of Plaintiff's claim. On December 3, 2018, Plaintiff sent a demand letter stating that it intended to file suit against Mt. Hawley, Engle Martin & Associates, Risk Placement Services, and various employees of those entities, including Mayfield.

15. On January 18, 2019, well before Plaintiff filed suit, Mt. Hawley responded and specifically stated that, "[p]ursuant to section 542A.006(b), Mt. Hawley therefore elects to accept any liability for any alleged acts or omissions relating to this claim by its employees, as well as Engle Martin & Associates, Risk Placement Services, Inc., and their respective employees."

16. Although Mt. Hawley has been served with process, Mayfield has not yet been served. On March 18, 2018, after learning that Plaintiff improperly joined Mayfield in the State Court Case, counsel for Mt. Hawley sent a letter to Plaintiff's counsel reiterating Mt. Hawley's January 18, 2019 election to accept liability for any alleged acts or omissions by Mayfield and demanding immediate dismissal of the claims against him. No response has been received.

17. Section 542A.006 of the Texas Insurance Code specifically provides that, if an insurer makes an election to accept liability before a claimant files an action, "no cause of action

exists against the agent relating to the claimant's claim, and, if the claimant files an action against the agent, the court shall dismiss that action with prejudice." *See also Yan Qing Jiang* at *1-*2 (denying motion to remand and granting motion to dismiss claims against improperly joined defendant as a result of 542A.006 election by insurer); *Electro Grafix, Corp. v. Acadia Ins. Co.*, No. SA-18-CA-589-XR, 2018 WL 3865416, *2-*4 (W.D. Tex. August 14, 2018) (slip copy) (same).

18. Thus, Mt. Hawley has "demonstrated that there is no possibility of recovery by the plaintiff against [Mayfield]." *Allen*, 907 F.3d at 183 (citing *Smallwood*, 385 F.3d at 573); *Yan Qing*, 2018 WL 6201954 at *1; *Electro Grafix, Corp.*, 2018 WL 3865416 at *2. As a result, Mayfield was improperly joined and his citizenship is disregarded for the purpose of diversity jurisdiction. *Id.*

19. Mayfield's consent to this removal is not required because it was improperly joined. *See* 28 U.S.C. §1446(b)(2)(A); *see also Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) ("[A] removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined"); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Escalante v. Deere & Co.*, 3 F.Supp.3d 587, 590 (S.D. Tex. 2014). Nevertheless, Mayfield has consented to removal.

20. Accordingly, because the amount in controversy exceeds $75,000.00 and the citizenship of Plaintiff, on the one hand, and Mt. Hawley, on the other, are diverse, this Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332. Removal is therefore proper.

WHEREFORE, Defendant Mt. Hawley Insurance Company prays that the above-described action now pending in the 133rd District Court of Harris County, Texas, be removed to this Court.

Respectfully submitted,

/s/ Greg K. Winslett
GREG K. WINSLETT
State Bar No. 21781900
ANTHONY W. KIRKWOOD
State Bar No. 24032508
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100
(214) 871-2111 (Fax)
gwinslett@qslwm.com
tkirkwood@qslwm.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument is being served upon counsel for Plaintiff, via certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure, on this 4th day of April, 2019, as follows:

Chad T. Wilson
Patrick C. McGinnis
Chad T. Wilson Law Firm PLLC
455 E. Medical Center Bldg., Suite 555
Webster, TX 77598
281-940-2137 (fax)
eservice@cwilsonlaw.com; cwilson@cwilsonlaw.com; pmcginnis@cwilsonlaw.com
*Attorneys for Plaintiff*

/s/ Greg K. Winslett
Greg K. Winslett