# Exhibit A

**HCDistrictclerk.com**        GREATLAND INVESTMENT INC (D/B/A SOUTHWEST        4/4/2019
                               PLAZA) vs. MT HAWLEY INSURANCE COMPANY
                               Cause: 201916063      CDI: 7      Court: 133

**APPEALS**
No Appeals found.

**COST STATMENTS**
No Cost Statments found.

**TRANSFERS**
No Transfers found.

**POST TRIAL WRITS**
No Post Trial Writs found.

**ABSTRACTS**
No Abstracts found.

**SETTINGS**
No Settings found.

**NOTICES**
No Notices found.

**SUMMARY**

CASE DETAILS                                      CURRENT PRESIDING JUDGE

| | | | |
|---|---|---|---|
| **File Date** | 3/1/2019 | **Court** | 133rd |
| **Case (Cause) Location** | | **Address** | 201 CAROLINE (Floor: 11) HOUSTON, TX 77002 Phone:7133686200 |
| **Case (Cause) Status** | Active - Civil | | |
| **Case (Cause) Type** | Debt/Contract - Consumer/DTPA | **JudgeName** | JACLENEL McFARLAND |
| **Next/Last Setting Date** | N/A | **Court Type** | Civil |
| **Jury Fee Paid Date** | 3/5/2019 | | |

**ACTIVE PARTIES**

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| GREATLAND INVESTMENT INC (D/B/A SOUTHWEST PLAZA) | PLAINTIFF - CIVIL | | WILSON, CHAD TROY |
| MT HAWLEY INSURANCE COMPANY | DEFENDANT - CIVIL | | WINSLETT, GREG K. |
| SOUTHWEST PLAZA | PLAINTIFF - CIVIL | | WILSON, CHAD TROY |
| MAYFIELD, KEVIN WILSON | DEFENDANT - CIVIL | | |
| 4907 MEADOWGLEN DRIVE, PEARLAND, TX 77584-7668 | | | |
| | REGISTERED AGENT | | |

MT HAWLEY INSURANCE COMPANY THROUGH
ITS REGISTERED AGENT

## INACTIVE PARTIES

No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|-----|--------------|-----------------|---------------|
| 4/3/2019 | ANSWER ORIGINAL PETITION | | | 0 | | WINSLETT, GREG K. | MT HAWLEY INSURANCE COMPANY |
| 3/1/2019 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 3/1/2019 | ORIGINAL PETITION | | | 0 | | WILSON, CHAD TROY | SOUTHWEST PLAZA |
| 3/1/2019 | ORIGINAL PETITION | | | 0 | | WILSON, CHAD TROY | GREATLAND INVESTMENT INC (D/B/A SOUTHWEST PLAZA) |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|------|--------|------------|--------|-----------|--------|--------|----------|----------|----------|------------|
| CITATION (NON-RESIDENT) | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | MT HAWLEY INSURANCE COMPANY THROUGH ITS REGISTERED AGENT | 3/1/2019 | 3/7/2019 | 3/18/2019 | 3/29/2019 | | 73599552 | CIV AGCY-CIVILIAN SERVICE AGENCY |

9025 NORTH LINDBERGH DRIVE PEORIA IL 61615

| CITATION | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | MAYFIELD, KEVIN WILSON | 3/1/2019 | 3/7/2019 | | | | 73599555 | CIV AGCY-CIVILIAN SERVICE AGENCY |

4907 MEADOWGLEN DRIVE PEARLAND TX 77584

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 84635459 | Mt. Hawley Insurance Company's Original Answer and Affirmative Defenses | | 04/03/2019 | 4 |
| 84566244 | Citation (Non-Resident) | | 03/29/2019 | 2 |
| 84256391 | Civil Process Pick-Up Form | | 03/07/2019 | 1 |
| 84163992 | Plaintiff's Original Petiton Jury Demand and Request for Disclosure | | 03/01/2019 | 18 |
| -> 84163995 | Civil Case Information Sheet | | 03/01/2019 | 1 |
| -> 84163994 | Civil Process Request Form | | 03/01/2019 | 2 |
| -> 84163993 | Filing Letter | | 03/01/2019 | 1 |

# Exhibit B-1

3/5/2019 10:15 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 31674073
By: Nelson Cuero
Filed: 3/1/2019 11:59 AM

# 2019-16063 / Court: 133

CAUSE NO. _____

| | | |
|---|---|---|
| GREATLAND INVESTMENT, INC. D/B/A SOUTHWEST PLAZA, | § § § | IN THE DISTRICT COURT |
| *Plaintiff,* | § § § | |
| V. | § § | HARRIS COUNTY, TEXAS |
| MT. HAWLEY INSURANCE COMPANY AND KEVIN WILSON MAYFIELD, | § § § | |
| *Defendant,* | § | _____ DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Greatland Investment, Inc. d/b/a Southwest Plaza, Plaintiff herein, and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Mt. Hawley Insurance Company ("Mt. Hawley") and Kevin Wilson Mayfield ("Mayfield" or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2. Plaintiff, Greatland Investment, Inc. d/b/a Southwest Plaza, resides in Harris County, Texas.

3. Defendant, Mt. Hawley Insurance Company, is an Illinois insurance company, engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon Mr. Hawley Insurance Company, through its registered agent for service: **Attn: Legal**

**Department, 9025 North Lindbergh Drive, Peoria Illinois 61615-1431.** Plaintiff requests service at this time.

4. Defendant, Kevin Wilson Mayfield, is an independent insurance adjuster actively adjusting insurance claims in the State of Texas. Plaintiff requests service of citation upon Kevin Wilson Mayfield, through the address on file with the Texas Department of Insurance: **4907 Meadowglen Drive, Pearland, Texas 77584-7668.** Plaintiff requests service at this time.

## JURISDICTION

5. The Court has jurisdiction over Mt. Hawley Insurance Company because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Defendant's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

6. The Court has jurisdiction over Kevin Wilson Mayfield because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of Defendant's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

## VENUE

7. Venue is proper in Harris County, Texas, because the insured's commercial property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

2

## FACTS

8.   Plaintiff asserts claims for breach of contract, negligence, gross negligence, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9.   Plaintiff owns an Mt. Hawley Insurance Company, business insurance policy, number MCP0166542 ("the Policy"), which was issued by Mt. Hawley Insurance Company.  At all relevant times, Plaintiff owned the insured premises located at 8306-8340 Southwest Freeway Houston, Texas 77036 ("the Property").

10.  Mt. Hawley Insurance Company or its agent sold the Policy, insuring the Property, to Plaintiff.  Mt. Hawley Insurance Company represented to Plaintiff that the Policy included hail and windstorm coverage for damage to Plaintiff's Property.

11.  On or about August 25, 2017, the Property sustained extensive damage resulting from a severe storm that passed through the Houston/Harris County, Texas area.

12.  In the aftermath of the hail and windstorm, Plaintiff submitted a claim to Mt. Hawley Insurance Company against the Policy for damage to the Property.  Mt. Hawley Insurance Company assigned claim number 00444158 to Plaintiff's claim.

13.  Plaintiff asked Mt. Hawley Insurance Company to cover the cost of damage to the Property pursuant to the Policy.

14.  Mt. Hawley Insurance Company hired or assigned its agent, Kevin Wilson Mayfield, to inspect and adjust the claim.  Mayfield conducted an inspection on or about August 16, 2018.  Mayfield's findings were that the claim was not covered due to wear and tear.  Plaintiff was left without adequate funds to make repairs on the entirety of their claim.

15.  Mt. Hawley Insurance Company, through its agent, Mayfield, conducted a substandard and

3

improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

16.     Mt. Hawley Insurance Company and Mayfield have ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional interior damage. The third-party inspector hired to review the damage to the Property found damage to both the main building single ply membrane and modified bitumen roofs. In addition, the third-party inspector found damage to curb flashings, flashing, pitch pan, and gravity roof ventilator that were completely absent from Mayfield's estimate.  The storm extensive and obvious windstorm and hail damage including, but not limited to, the roofs, vents, flashings, and sheetrock damages. The storm compromised the integrity of the roof allowing water to enter into the suites on the property.

17.     The damage to Plaintiff's Property is currently estimated at $488,323.87.

18.     Mayfield had a vested interest in undervaluing the claims assigned to him by Mt. Hawley Insurance Company in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector's as well as the difference in valuation is evidence of on the part of Mayfield.

19.     Furthermore, Mayfield was aware of Plaintiff's policy deductible prior to inspecting the Property.  Mayfield had advanced knowledge of the damages he needed to document in order to be able to deny the claim.

20.     Mayfield misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage. Mayfield made these

4

misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

21.   After reviewing Plaintiff's Policy, Mayfield misrepresented that the damage was caused by non-covered perils. Mayfield used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

22.   As stated above, Mt. Hawley Insurance Company and Mayfield improperly and unreasonably adjusted Plaintiff's claim.  Without limitation, Mt. Hawley Insurance Company and Mayfield misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

23.   Mt. Hawley Insurance Company and Mayfield made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  Mt. Hawley Insurance Company and Mayfield made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared Mayfield.

24.   Plaintiff relied on Mt. Hawley Insurance Company and Mayfield's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

5

25.    Upon receipt of the inspection and estimate reports from Mayfield, Mt. Hawley Insurance Company failed to assess the claim thoroughly. Based upon Mayfield's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Mt. Hawley Insurance Company failed to provide coverage due under the Policy, and Plaintiff suffered damages.

26.    Because Mt. Hawley Insurance Company and Mayfield failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

27.    Furthermore, Mt. Hawley Insurance Company and Mayfield failed to perform their contractual duties to Plaintiff under the terms of the Policy. Specifically, Mayfield performed an unreasonable and substandard inspection that allowed Mt. Hawley Insurance Company to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

28.    Mt. Hawley Insurance Company and Mayfield's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

29.    Mt. Hawley Insurance Company and Mayfield's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Mt. Hawley Insurance Company and Mayfield have failed to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy.

6

Specifically, Mt. Hawley Insurance Company and Mayfield have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

30.     Mt. Hawley Insurance Company and Mayfield's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a) (2) (A).  Mt. Hawley Insurance Company and Mayfield failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

31.     Additionally, after Mt. Hawley Insurance Company received statutory demand on or about December 3, 2018, Mt. Hawley Insurance Company has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

32.     Mt. Hawley Insurance Company and Mayfield's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a) (4).  Mayfield performed a biased and intentionally substandard inspection designed to allow Mt. Hawley Insurance Company to refuse to provide full coverage to Plaintiff under the Policy.

33.     Specifically, Mt. Hawley Insurance Company and Mayfield performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

34.     Mt. Hawley Insurance Company's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.  Due to Mayfield subpar inspection, Mt. Hawley Insurance Company failed to reasonably accept or deny Plaintiff's

7

full and entire claim within the statutorily mandated time after receiving all necessary information.

35.    Mt. Hawley Insurance Company's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Mayfield's intentional undervaluation of Plaintiff's claims, Mt. Hawley Insurance Company failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Mayfield's understatement of the damage to the Property caused Mt. Hawley Insurance Company to delay full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's claim.

36.    Mt. Hawley Insurance Company and Mayfield's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT
## MT. HAWLEY INSURANCE COMPANY

37.    All paragraphs from the fact section of this petition are hereby incorporated into this section.

## BREACH OF CONTRACT

38.    Mt. Hawley Insurance Company is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Mt. Hawley Insurance Company and Plaintiff.

8

39.   Mt. Hawley Insurance Company's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Mt. Hawley Insurance Company's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

40.   Mt. Hawley Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a).   All violations under this article are actionable by TEX. INS. CODE §541.151.

41.   Mt. Hawley Insurance Company's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a) (1).

42.   Mt. Hawley Insurance Company's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Mt. Hawley Insurance Company's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a) (2) (A).

43.   Mt. Hawley Insurance Company's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a) (3).

44.   Mt. Hawley Insurance Company's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of

9

competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

45. Mt. Hawley Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable under TEX. INS. CODE §542.060.

46. Mt. Hawley Insurance Company's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

47. Mt. Hawley Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

48. Mt. Hawley Insurance Company's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though Mt. Hawley Insurance Company knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

49. Mt. Hawley Insurance Company's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Mt. Hawley Insurance Company pursuant to the DTPA.  Plaintiff has met all conditions precedent to bring this cause of action against

Mt. Hawley Insurance Company. Specifically, Mt. Hawley Insurance Company's violations of the DTPA include, without limitation, the following matters:

A.    By its acts, omissions, failures, and conduct, Mt. Hawley Insurance Company has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Mt. Hawley Insurance Company's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.    Mt. Hawley Insurance Company represented to Plaintiff that the Policy and Mt. Hawley Insurance Company's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.    Mt. Hawley Insurance Company represented to Plaintiff that Mt. Hawley Insurance Company's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.    Mt. Hawley Insurance Company advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.    Mt. Hawley Insurance Company breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles

11

Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.   Mt. Hawley Insurance Company's actions are unconscionable in that Mt. Hawley Insurance Company took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.   Mt. Hawley Insurance Company's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

G.   Mt. Hawley Insurance Company's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

50.   Each of the above-described acts, omissions, and failures of Mt. Hawley Insurance Company is a producing cause of Plaintiff's damages.   All of Mt. Hawley Insurance Company's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## CAUSES OF ACTION AGAINST DEFENDANT KEVIN WILSON MAYFIELD

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

51.   All allegations above are incorporated herein.

52.   Mayfield's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act.   TEX. INS. CODE §541.060(a).

53.   Mayfield is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of AmGUARD, because Mayfield is a "person," as defined by TEX. INS. CODE §541.002(2).

54.   Mayfield knowingly underestimated the amount of damage to the Property.  As such, Mayfield failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy.  TEX. INS. CODE §542.003(3).

55.   Furthermore, Mayfield did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim.  TEX. INS. CODE §542.003(4).

56.   Mayfield's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice.  TEX. INS. CODE §541.060(a)(3).

57.   Mayfield's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

58.   All allegations above are incorporated herein.

59.   Mayfield's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs are consumers of goods and services provided by Savoy pursuant to the DTPA.  Plaintiffs have met all conditions precedent to bringing this cause of action against Mayfield.  Specifically, Mayfield's violations of the DTPA include the following matters:

A.   By this Defendant's acts, omissions, failures, and conduct, Mayfield has violated sections 17.46(b)(2), (5), and (7) of the DTPA.  Savoy's violations include, (1)

failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiff's Property when liability have become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.    Mayfield represented to Plaintiff that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.    Mayfield represented to Plaintiff that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.    Mayfield's actions are unconscionable in that Savoy took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.  Mayfield's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E.    Mayfield's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

60.    Each of Mayfield's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages.  All acts, omissions, and failures were committed "knowingly" and "intentionally" by Mayfield, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

14

## KNOWLEDGE

61. Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

62. Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

63. The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claims in violation of the laws set forth above.

64. Plaintiff currently estimates that actual damages to the Property under the Policy are $488,323.87.

65. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above described acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

66. For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claims, consequential damages, together with attorney's fees.

15

67.   For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

68.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

69.   For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Mt. Hawley Insurance Company owed, exemplary damages, and damages for emotional distress.

70.   Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code.  These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct, and to set an example to deter Defendants and others from committing similar acts in the future.

71.   For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading.   Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

72.   As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.   As required by Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of no less than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however.   Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

73.   Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

74.   Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Fort Bend County, Texas.   Plaintiff hereby tenders the appropriate jury fee.

17

## PRAYER

Plaintiff, Greatland Investment, Inc. d/b/a Southwest Plaza, prays that Defendant, Mt. Hawley Insurance Company, Inc. and Kevin Wilson Mayfield, be cited and served to appear, and that upon trial hereof, Plaintiff, Greatland Investment, Inc. d/b/a Southwest Plaza, recover from Defendants, Mt. Hawley Insurance Company and Kevin Wilson Mayfield, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found.   In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show itself justly entitled.

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Patrick C. McGinnis
Bar No. 13631900
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile:  (281) 940-2137
eService to:
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
pmcginnis@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

18

# Exhibit B-2

4/3/2019 2:32 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 32477257
By: Anna Evetts
Filed: 4/3/2019 2:32 PM

CAUSE NO. 2019-16063

| | | |
|---|---|---|
| GREATLAND INVESTMENT, INC. | ) | IN THE DISTRICT COURT |
| d/b/a SOUTHWEST PLAZA | ) | |
| | ) | |
| V. | ) | 133RD DISTRICT COURT |
| | ) | |
| MT. HAWLEY INSURANCE COMPANY | ) | |
| And KEVIN WILSON MAYFIELD | ) | HARRIS COUNTY, TEXAS |

### MT. HAWLEY INSURANCE COMPANY'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Mt. Hawley Insurance Company, Defendant in the above-entitled and numbered cause, filing this Original Answer and Affirmative Defenses to Plaintiff's Original Petition, and would respectfully show the Court as follows:

### I.  GENERAL DENIAL

Defendant denies all and singular the allegations contained in Plaintiff's Original Petition and demands strict proof thereof.

### II.  AFFIRMATIVE DEFENSES

***First Affirmative Defense***

The Policy provides potential coverage for direct physical loss of or damage to Plaintiff's Covered Property exceeding the Policy deductible that is caused by or resulting from a Covered Cause of Loss, subject to all terms, conditions, limitations and exclusions of the Policy. *See* Policy, **BUILDING AND PERSONAL PROPERTY COVERAGE FORM, A. COVERAGE; D. Deductible**. There was no direct physical loss of or damage to Plaintiff's Covered Property that was caused by a Covered Cause of Loss, let alone damage exceeding the Policy deductible.

**Second Affirmative Defense**

The Policy does not provide coverage for loss or damage to the interior of Plaintiff's building caused by rain or water, unless the building first sustains wind or hail damage to its roof or walls through which rain or water enters. *See* Policy, **CAUSES OF LOSS – SPECIAL FORM, C.1.c.** Any interior water damage did not result from any openings created by winds or hail from Hurricane Harvey. As such, there is no coverage for any claimed interior water damage under the Policy.

**Third Affirmative Defense**

Plaintiff seeks recovery in this case for property damage resulting from an aged and poorly detailed building envelope system, inadequate drainage, longstanding leakage issues, and inadequate/deteriorated prior repairs. Such damage is excluded by the Policy. *See* Policy, **CAUSES OF LOSS – SPECIAL FORM, B.3.c.**

**Fourth Affirmative Defense**

Plaintiff seeks recovery in this case for property damage resulting from wear and tear, pre-existing mechanical damage, pre-existing rust or other corrosion, decay, deterioration, hidden or latent defect, or qualities in the property that caused it to damage or destroy itself, and settling, cracking, shrinking or expansion. Such damage is excluded by the Policy. *See* Policy, **CAUSES OF LOSS – SPECIAL FORM, B.2.d.**

**Fifth Affirmative Defense**

Plaintiff alleges that no substantive repairs have been made. The Policy provides that payment will not be made on a replacement cost basis for any loss or damage (1) until the lost or damaged property is actually repaired or replaced; and (2) unless the repairs or replacement are

made as soon as reasonably possible after the loss or damage.  *See* Policy, **BUILDING AND PERSONAL PROPERTY COVERAGE FORM, G.3.d.**

*Sixth Affirmative Defense*

To the extent that Plaintiff asserts that there were unreasonable delays in the handling of its claim, such delays were caused by Plaintiff or its representatives.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by its suit and that Defendant be awarded such other and further relief to which it is justly entitled.

Respectfully submitted,

*/s/ Greg K. Winslett*
GREG K. WINSLETT
State Bar No. 21781900
ANTHONY W. KIRKWOOD
State Bar No. 24032508
**QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100
(214) 871-2111 (Fax)
gwinslett@qslwm.com
tkirkwood@qslwm.com

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the above and foregoing instrument is being served upon counsel for Plaintiff, via TexFile, facsimile or U.S. Mail in accordance with the Texas Rules of Civil Procedure, on this 3rd day of April 2019, as follows:

Chad T. Wilson
Patrick C. McGinnis
Chad T. Wilson Law Firm PLLC
455 E. Medical Center Bldg., Suite 555
Webster, TX 77598
281-940-2137 (fax)
eservice@cwilsonlaw.com; cwilson@cwilsonlaw.com; pmcginnis@cwilsonlaw.com
*Attorneys for Plaintiff*

*/s/ Anthony W. Kirkwood*
Anthony W. Kirkwood

# Exhibit C

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREATLAND INVESTMENT, INC. | § | |
| d/b/a SOUTHWEST PLAZA | § | |
| | § | |
| V. | § | Case No. _____ |
| | § | |
| MT. HAWLEY INSURANCE COMPANY | § | |
| And KEVIN WILSON MAYFIELD | § | |

---

## LIST OF COUNSEL OF RECORD

---

**<u>Counsel for Plaintiff</u>**
Chad T. Wilson
Patrick C. McGinnis
Chad T. Wilson Law Firm PLLC
455 E. Medical Center Bldg., Suite 555
Webster, TX 77598
832-415-1432 (telephone)
281-940-2137 (fax)
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
pmcginnis@cwilsonlaw.com


**<u>Counsel for Defendants Mt. Hawley Insurance Company and Kevin Wilson Mayfield</u>**
Greg K. Winslett
Anthony W. Kirkwood
Quilling, Selander, Lownds, Winslett & Moser, PC
2001 Bryan Street
Suite 1800
Dallas, TX 75201
(214) 871-2100 (telephone)
(214) 871-2111 (fax)
gwinslett@qslwm.com
tkirkwood@qslwm.com

# Exhibit D

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | | |
|---|---|---|---|
| GREATLAND INVESTMENT, INC. | § | | |
| d/b/a SOUTHWEST PLAZA | § | | |
| | § | | |
| V. | § | Case No. _____ | |
| | § | | |
| MT. HAWLEY INSURANCE COMPANY | § | | |
| And KEVIN WILSON MAYFIELD | § | | |

## INDEX OF STATE COURT DOCUMENTS

| No. | Date Filed or Entered | Document |
|---|---|---|
| **A** | N/A | State Court Docket |
| **B-1** | 03/05/2019 | Plaintiff's Original Petition for Relief |
| **B-2** | 04/03/2019 | Mt. Hawley's Original Answer and Affirmative Defenses |
| **C** | N/A | List of Counsel of Record |
| **D** | N/A | Index of State Court Documents |