UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREATLAND INVESTMENT, INC., *d/b/a* SOUTHWEST PLAZA, | § § § § § | |
| *Plaintiff*, | § | |
| v. | § § | CIVIL ACTION H-19-1212 |
| MT. HAWLEY INSURANCE COMPANY *and* KEVIN WILSON MAYFIELD, | § § § § | |
| *Defendants*. | § | |

# MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff Greatland Investment, Inc.'s motion to remand. Dkt. 6. Defendant Mt. Hawley Insurance Company responded. Dkt. 11. Having considered the motion, response, and applicable law, the court is of the opinion that Greatland's motion to remand (Dkt. 6) should be DENIED.

## I. BACKGROUND

This is an insurance coverage case. Greatland alleges that a storm damaged Greatland's real property in August 2017. Dkt. 1-2 at 7. Greatland subsequently submitted a claim to Mt. Hawley under an existing business insurance policy. *Id.* Mt. Hawley then allegedly assigned Kevin Mayfield, an insurance adjuster employed by Engle Martin & Associates ("Engle Martin"), to "inspect and adjust the claim." *Id.*; Dkt. 1 at 4. According to Greatland, Mayfield found that the claim did not fall within Greatland's insurance policy and Mt. Hawley refused to pay the claim. *Id.*

On December 3, 2018, Greatland sent a demand letter stating its intent to sue Mt. Hawley and Mayfield, among others. Dkt. 11-4 at 2. On January 15, 2019, Mt. Hawley responded and notified Greatland that Mt. Hawley had elected to accept liability for its employees, Engle Martin, and Engle

Martin employees under Texas Insurance Code § 542A.006. Dkt. 11-5 at 2. On March 1, 2019, Greatland filed suit against Mt. Hawley and Mayfield in Texas state court for breach of contract, noncompliance with the Texas Insurance Code, and DTPA violations. *Id.* at 12–18.

Mt. Hawley removed the case to this court on diversity jurisdiction grounds. Dkt. 1; 28 U.S.C. § 1332. Greatland now moves to remand. Dkt. 6. The parties do not dispute that the amount in controversy exceeds the $75,000 jurisdictional threshold. *See* Dkt. 1-2 at 21 (state court petition claiming at least $1,000,000 in damages). However, Greatland argues that both itself and Mayfield are Texas citizens and that therefore the parties are not completely diverse. Dkt. 6. Mt. Hawley counters that it elected to accept liability for Mayfield under Texas Insurance Code § 542A.006. Dkt. 11 at 8. Thus, Mt. Hawley argues that Mayfield is improperly joined and that Mayfield's citizenship must be ignored for diversity purposes. Dkt. 11 at 14. Because Mt. Hawley is a citizen of Illinois, it contends that complete diversity exists between the parties. Dkt. 1 at 3.

## II. STANDARD OF REVIEW

### A. Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a party can seek dismissal of an action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Subject matter jurisdiction based on diversity jurisdiction requires that (1) complete diversity exists among the parties, and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Generally, "[i]n determining whether the court has subject matter jurisdiction, [the court] must accept as true the allegations set forth in the complaint." *Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015) (citation omitted).

### B. Improper Joinder

Under 28 U.S.C. § 1441, a defendant may remove an action from state court to federal court if the district would have had original jurisdiction over that action. However, a case may be removed

2

despite a non-diverse defendant if the non-diverse defendant was improperly joined for the purpose of destroying diversity. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). The burden to establish improper joinder falls on the party that asserts it. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

To prove improper joinder, the removing party must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover" against the non-diverse defendant. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016) (quoting *Smallwood v. Ill. Cent. Ry. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). When determining whether a defendant is improperly joined, the court must usually limit its inquiry to the pleadings. *Id.*; *see also Electro Grafix, Corp. v. Acadia Ins. Co.*, No. SA-18-CA-589-XR, 2018 WL 3865416, at *3 (W.D. Tex. Aug. 14, 2018). However, "the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry" if the plaintiff has "misstated or omitted discrete facts that would determine the propriety of joinder." *Smallwood*, 385 F.3d at 573.

### III. ANALYSIS

Section 542A.006(a) of the Texas Insurance Code provides that an insurer may "elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant." Tex. Ins. Code Ann. § 542A.006(a) (West Supp. 2018). If an insurer makes such an election prior to the plaintiff filing suit, "no cause of action exists against the agent related to the claimant's claim, and, if the claimant files an action against the agent, the court shall dismiss that action with prejudice." § 542A.006(b). In that case, there is no reasonable basis to predict that the plaintiff might be able to recover from the agent-defendant, and the agent-defendant is improperly joined. *Electro Grafix, Corp.*, 2018 WL 3865416, at *4; *see also Stephens v. Safeco Ins. Co. of Indiana*, No. 4:18-cv-00595, 2019 WL 109395, at *7 (E.D. Tex. Jan.

4, 2019) ("[I]f the [§ 542A] election is made pre-suit, an adjuster subsequently joined is joined when state law mandates that there can be no viable claims against him."). Thus, federal courts are to disregard the agent-defendant's citizenship in determining whether complete diversity exists between the parties. *See Electro Grafix, Corp.,* 2018 WL 3865416, at *4 (holding that an agent-defendant was improperly joined, and denying remand, when the insurer elected to accept liability for the agent-defendant prior to the plaintiff filing suit).

If the insurer makes a § 542A election *after* the plaintiff has filed suit, the agent-defendant must still be dismissed. § 542A.006(c). However, because the plaintiff had a cause of action against the agent-defendant at the time of filing, the agent-defendant is not improperly joined. *See River of Life Assembly of God v. Church Mut. Ins. Co.*, No. 1:19-CV-49-RP, 2019 WL 1767339, at *3 (W.D. Tex. Apr. 22, 2019) (reasoning that, in determining whether an agent-defendant is improperly joined, "[t]he focus must remain on whether the nondiverse party was properly joined when joined"); *see also Massey v. Allstate Vehicle & Prop. Ins. Co.*, No. H-18-1144, 2018 WL 3017431 (S.D. Tex. June 18, 2018) (Miller, J.) (explaining why the voluntary-involuntary rule requires this outcome). In that case, a federal court must consider the agent-defendant's citizenship in deciding whether to remand the suit to state court. *River of Life Assembly of God*, 2019 WL 1767339, at *3. Thus, for remand purposes, the dispositive question is whether the insurer accepted liability for the non-diverse agent-defendant before or after the plaintiff filed suit. *Stephens*, 2019 WL 109395, at *7.

Here, Greatland sued Mayfield for violations of Chapter 541 and 542 of the Texas Insurance Code, as well as DTPA violations under Chapter 17 of the Texas Business and Commerce Code. Dkt. 1-2 at 16–17. Section 542A applies to all of these causes of action. § 542A.002(a). However, Greatland argues that Mayfield was not improperly joined because: (1) Mt. Hawley provided its § 542A election notice after Greatland filed suit; and (2) Mt. Hawley's § 542A notice was

4

insufficient to accept liability for Mayfield because it "did not specifically name [Mayfield] as a person Mt. Hawley was accepting responsibility for" under the statute.[1] Dkt. 6 at 11–13.

## A. Timing of the § 542A Election Notice

First, the parties disagree as to the timing of the § 542A election notice. This dispute is easily resolved. Greatland's complaint omits both the fact and timing of Mt. Hawley's § 542A notice, so the court may look to evidence in the record. Dkt. 1-2 (state court petition); *Smallwood*, 385 F.3d at 573; *see also Electro Grafix, Corp.,* 2018 WL 3865416, at *4. The record reflects that Mt. Hawley sent its written § 542A election notice to Greatland on January 15, 2019. Dkt. 11-5 at 2. Greatland did not file suit until March 1, 2019. Dkt. 1-2 at 5. Thus, for diversity purposes, the court cannot consider the citizenship of any defendant for whom Mt. Hawley elected to accept liability prior to March 1, 2019.

## B. Sufficiency of the § 542A Election Notice

However, the parties also disagree as to whether Mayfield was sufficiently named in Mt. Hawley's § 542A election notice. The relevant portion of the January 15 notice reads: "Pursuant to section 542A.006(b), Mt. Hawley therefore elects to accept any liability for any alleged acts or omissions relating to this claim by its employees, as well as Engle Martin & Associates, Risk Placement Services, Inc., and their respective employees." Dkt. 11-5 at 2. Greatland does not dispute that Mayfield was an Engle Martin employee at the time of the inspection at issue. Dkt. 6 at 12. Rather, Greatland argues that Mt. Hawley's election notice was insufficient to accept liability for Mayfield because the notice does not identify Mayfield by name. *Id.*

---

[1]Greatland also appears to argue that it still has a cause of action against Mayfield even if Mt. Hawley timely elected to accept liability for him. Dkt. 6 at 13. However, Greatland does not explain why this is so and does not address the statutory language or case law to the contrary.

Neither Texas courts nor the Fifth Circuit have provided guidance as to what constitutes sufficient notice of election under § 542A. Thus, this court must make an *Erie* guess as to whether Mt. Hawley's notice was sufficient to accept liability. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78–79, 58 S. Ct. 817 (1938).

The court concludes that Mt. Hawley's January 15 notice was sufficient to accept liability for Mayfield under § 542A. First, the plain language of the statute requires only that an insurer provide "written notice" to the plaintiff in order to accept liability. § 542A.006(a). The statute provides that acceptance of liability cannot be "conditioned in a way that will result in the insurer avoiding liability" caused by the agent's behavior. § 542A.006(e). However, the statute does not require the insurer to identify each individual by name or impose any other requirements. Greatland provides no authority for the proposition that this court should read additional requirements into § 542A that do not appear in the statute.

Second, this outcome is consistent with other notice provisions in the statute. For instance, § 542A.003 provides that a potential plaintiff in an insurance action must provide pre-suit "written notice" to any person from whom the plaintiff may seek damages. However, § 542A.003—unlike the election-notice provision in § 542A.006—includes a list of specific items that a plaintiff must include in a valid § 542A.003 notice. § 542A.003(b). Because the Texas Legislature did not include such a list in § 542A.006, it stands to reason that the Legislature did not intend to place similar restrictions on election notices under that section.

Third, the § 542A election notice at issue here was unambiguous—it plainly stated that Mt. Hawley accepted liability for Engle Martin employees. Dkt. 11-5 at 2. Mt. Hawley has presented ample evidence that Greatland knew, or should have known, that Mayfield was an Engle Martin employee prior to filing suit. Dkt. 11 at 13–14. Further, even if Greatland did not have actual or

6

constructive knowledge of Mayfield's employer, that fact should have been easily discernable; Greatland has not produced any evidence that Mt. Hawley concealed the identity of Mayfield's employer or engaged in any other fraudulent activity to that end. Thus, Mt. Hawley's election notice was sufficient to put Greatland on notice that Mt. Hawley was accepting liability for all Engle Martin employees, including Mayfield.

### IV. Conclusion

Mt. Hawley elected to accept liability for Mayfield under § 542A.006 before Greatland filed suit. Mayfield is therefore improperly joined and his citizenship is irrelevant in determining whether complete diversity exists between the parties. Because Greatland is a citizen of Texas and Mt. Hawley is a citizen of Illinois, the parties are completely diverse and this court has jurisdiction over the case pursuant to 28 U.S.C. § 1332.

Accordingly, Greatland's motion to remand (Dkt. 6) is DENIED. Mayfield is DISMISSED WITH PREJUDICE as improperly joined.

Signed at Houston, Texas on May 15, 2019.

_____
Gray H. Miller
Senior United States District Judge